UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 1/9/97**

ELIZABETH KILLEN, HEIDI
KILLEN, HOLLY KILLEN, by their
guardian ad litem, Crit Killen; CRIT
KILLEN and CAROL KILLEN,
individually,

          Plaintiffs-Appellants,

v.

REED & CARNICK, a New Jersey
corporation and THE BLOCK DRUG
COMPANY, a New Jersey
corporation,

          Defendants-Appellees.

No. 95-4196
(D.C. No. 94-CV-1035)
(D. Utah)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

When plaintiffs failed to comply with a court order to supply final expert witness reports by November 1, 1995, the district court dismissed their tort suit against defendants with prejudice. Plaintiffs appeal this order, arguing that the district court failed to apply the factors set out in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), and contending that their action was meritorious even without expert testimony. We review the imposition of sanctions for abuse of discretion, see Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994), and affirm.

The essence of plaintiffs' first argument is that the district court erred by not making express findings on the record which considered the Ehrenhaus factors. This point is without merit. In their memorandum of points and authorities in support of dismissal with prejudice, defendants argued the application of the Ehrenhaus factors to the facts of the case. Appellants' App. Vol. I at 164-68. In its order dismissing plaintiffs' case, the district court stated:

> The court's decision to deny plaintiff's motion and to dismiss this case with prejudice is based on each of the reasons aptly rehearsed and stated in defendants' Memorandum of Points and

Authorities in Opposition to Plaintiffs' Motion to Dismiss Case
Without Prejudice and in Support of Dismissal with Prejudice.

Id. at 320. This reference by the court to the application of the law in defendants' brief is sufficient to comply with the district court's duty to apply Ehrenhaus when considering a motion to dismiss. Nothing productive would be achieved by requiring the district court to reiterate reasoning in the record which was agreed with by the court and known to plaintiffs.

Further, the dismissal of this case with prejudice is amply supported under the Ehrenhaus factors. Plaintiffs concede they were warned by the court that their case would be dismissed if they failed to meet the November 1 deadline. It is clear from the record that plaintiffs filed their complaint without having consulted any expert regarding causation, see Appellants' App. Vol. I at 194-98, and allowed weeks to lapse as deadlines came and went without nailing down expert services, see Appellants' App. Vol. I at 230-33. None of this inattention to detail and schedules can be deemed inadvertent. The increase in time and attorney's fees occasioned by plaintiffs' dilatory behavior was clearly prejudicial to defendants. See Ehrenhaus, 965 F.2d at 921 (recognizing that delay and mounting attorney's fees can constitute prejudice). Plaintiffs' willful failure to comply with the orders of the district court "flouted the court's authority," see id., and interfered with the judicial process. And finally, contrary to plaintiffs' assertion, the district court did consider sanctions short of dismissal. See Appellants' App.

Vol. I at 218-20. Under these circumstances, the district court did not abuse its discretion in dismissing plaintiffs' case with prejudice.

Plaintiffs' final argument regarding their ability to prosecute some of their claims without the aid of an expert is raised for the first time on appeal and, because there are no extraordinary circumstances present here, we will not entertain it. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Defendants' motion to strike nonrecord matter is GRANTED. The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge